UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE ALVARADO,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES,<br>　　　　Defendant. | No. 3:23-cv-331 (SRU) |

**RULING ON MOTION TO DISMISS**

Third-party defendants Sandra Davis and EAN Holdings, LLC ("EAN") have moved to dismiss the United States' third-party apportionment complaint for lack of personal jurisdiction. For the following reasons, I **grant** the motion, **doc. no. 24**, and **dismiss** the third-party apportionment complaint, **doc. no. 15**. The dismissal is without prejudice to the United States showing that Davis and EAN forfeited the challenge to personal jurisdiction.

**I.      Background**

This case arises out of an automobile accident in Windsor Locks, Connecticut between a van operated by Sandra Davis and a tractor trailer rented by the United States Postal Service ("USPS").  Compl., Doc. No. 1 ¶¶ 6-8, 23; Third Party Compl., Doc. No. 15 ¶¶ 6, 11.  Alvarado was a passenger in the van.  Compl., Doc. No. 1 ¶ 6.  Alvarado initiated a negligence action pursuant to the Federal Tort Claims Act ("FTCA") against the United States to recover damages for his alleged injuries.  *Id.* ¶¶ 9, 24.

The government alleges that Davis negligently caused the accident.  Third Party Compl., Doc. No. 15 ¶ 10.  It filed a third-party apportionment complaint against Davis and EAN, Davis's alleged employer.  *See generally id.*  EAN and Davis moved to dismiss the third-party

complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Doc. No. 24.

## II. Standard of Review

A plaintiff bears the burden of showing that the court has personal jurisdiction over each defendant. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Where, as here, there has been no discovery on jurisdictional issues and the court is relying solely on the parties' pleadings and affidavits, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendants. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).

## III. Discussion

In the present motion to dismiss, EAN and Davis argue that the government failed to timely serve the third-party apportionment complaint. Doc. No. 24-1 at 1 (citing Conn. Gen. Stat. § 52–102b).

> A defendant in any civil action to which section 52–572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability.

Conn. Gen. Stat. § 52–102b(a). The statute sets a 120-day service deadline from the return date of the plaintiff's original complaint, *id.*, and "shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52–572h for a proportionate share of the plaintiff's damages as a party to the action." *Id.* § 52–102b(f).

The FTCA adopts the "law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "[S]tate law will apply only if it is substantive, rather than procedural, and district courts applying state law in FTCA suits must determine as a threshold matter whether that law is

substantive." *Corley v. United States*, 11 F.4th 79, 85 (2d Cir. 2021).  The government argues I should not follow section 52–102b's 120-day apportionment service deadline because *Erie*[1] and its progeny require me to instead follow Federal Rule of Civil Procedure 14.  Doc. No. 25 at 1-2, 11.

If section 52–102b's 120-day apportionment service deadline is substantive, I must apply that deadline.  *See Corley*, 11 F.4th at 85.  If, however, the service deadline is procedural, I must exclusively look to Federal Rule of Civil Procedure 14.  "[I]t is beyond dispute that the FTCA preserves the requirement that federal courts apply the Federal Rules of Civil Procedure." *Shields v. United States*, 436 F. Supp. 3d 540, 547 (D. Conn. 2020).  "[T]he FTCA was intended to incorporate state law only to the extent that state law bears on the elements of substantive liability. . . . [T]he FTCA does not license federal courts to," for example, "displace the Federal Rules of Civil Procedure with contrary state law pleading rules."  *Id.* at 544-45.

In a recent FTCA action with an identical substantive-procedural issue, District Judge Omar A. Williams concluded that section 52–102b's 120-day deadline was substantive and thus incorporated by the FTCA.  *Roegiers v. United States*, 2023 WL 6200389, at *7 (D. Conn. Sept. 22, 2023).  Judge Williams concluded that section 52–102b is substantive state law because "[w]hile § 52–102b may not have any effect on the standard of liability or types of evidence required to adjudicate a medical malpractice complaint, it does have an effect of the standard of liability for an apportionment complaint."  *Id.* at *6.  Judge Williams applied section 52–102b's service deadline and dismissed the government's third-party apportionment complaint as untimely.  *Id.* at *7, *11.

---

[1] *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

The government argues *Roegiers* was incorrectly decided and urges me to deviate from its holding.  Doc. No. 25 at 1, 3, 10.  For the reasons that follow, I reach the same conclusion as *Roegiers* and apply section 52–102b's service deadline.

A. <u>Section 52–102b(a)'s Service Deadline is Substantive</u>

"Whether a particular state rule of decision is 'substantive' under *Erie* is a question of federal law, and is decided by examining whether application of the State's rule . . . would have so important an effect upon the fortunes of one or both of the litigants that failure to enforce it would be likely to cause a plaintiff to choose the federal court."  *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 152 (2d Cir. 2013) (citing *Hanna v. Plumer*, 380 U.S. 460, 465-66 (1965), and quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 428 n.8 (1996)) (cleaned up).  Based on a thorough examination of *Lostritto v. Cmty. Action Agency of New Haven, Inc.*, 269 Conn. 10 (2004), and related cases, I conclude that section 52–102b's service deadline is substantive state law and incorporated by the FTCA.

*Lostritto* contains three holdings pertinent to the present dispute.  The Court first held that section 52–102b's service deadline implicated personal jurisdiction.  *Id.* at 14.  "The vast majority" of prior state courts had determined that the service deadline was "substantive and jurisdictional, thus implicating a court's subject matter jurisdiction."  *See Estate of Nobile v. United States*, 193 F.R.D. 58, 61 (D. Conn. 2000).  But "because . . . § 52–102b is a service provision," the *Lostritto* court "determine[d] that it implicates personal jurisdiction rather than subject matter jurisdiction."  *Lostritto*, 269 Conn. at 33.

*Second*, "compliance with § 52–102b(a) is mandatory."  *Id.* at 35.  Trial courts have no discretion to extend the 120-day service deadline.  *Id.*  Because section 52–102b "establishes the

4

right to apportion liability, . . . . if a defendant seeks to apportion liability, he *must* comply with § 52–102b(a)." *Id.* at 21 (citations omitted).

*Third*, and most importantly, the *Lostritto* court probed "whether the time limitation contained in § 52–102b(a) is procedural or substantive." *Id.* at 22.  "A statute of limitations is generally considered to be procedural," under Connecticut law, but when "a statute gives a right of action which did not exist at common law, . . . the time fixed is a limitation or condition attached to the right—it is a limitation of the liability itself as created, and not of the remedy alone." *Id.* at 22-23 (cleaned up).

> [Section] 52–102b was designed to create an effective means of accomplishing apportionment with reasonable certainty. This was not possible prior to § 52–102b, which delineated the proper timing and method of service of an apportionment complaint. Although § 52–102b contains some procedural aspects, its substantive purpose and effect cannot be minimized. Section 52–102b gives tangible force to the right to apportionment created in § 52–572h. Conversely, failure to comply with its requirements prevents a defendant from exercising the right to apportion liability.

*Lostritto v. Cmty. Action Agency of New Haven, Inc.*, 269 Conn. 10, 26 (2004).

The government cites to *Angersola*, decided fourteen years after *Lostritto*, as support that section 52–102b's 120-day service limitation is merely procedural.  "[W]aivable service of process" rules "are 'generally considered to be procedural,' and do not alter underlying substantive liability." Doc. No. 25 at 26 (quoting *Angersola v. Radiologic Associates of Middletown, P.C.*, 330 Conn. 251, 265-66).  The government implicitly argues that, under Connecticut law, all procedural time limitations must be waivable, and all substantive time limitations must be non-waivable.  *Id.* at 23-26.

Connecticut time limitations generally fall into two buckets: (1) substantive, non-waivable limitations implicating subject matter jurisdiction, or (2) procedural, waivable limitations bearing no implication on subject matter jurisdiction.  *Angersola*, 330 Conn. at 265-

5

66. *Lostritto* deviated from those two discrete categories by holding that section 52–102b is a substantive, waivable time limitation implicating personal jurisdiction. *See Lostritto*, 269 Conn. at 33, 35-36. It appears that *Lostritto* created a third category of time limitation(s) that are ultimately substantive under Connecticut law, yet share both procedural and substantive characteristics. Nothing in *Angersola* displaces *Lostritto*'s third category:

> It is well established that a statute of limitations is *generally* considered to be procedural, especially when the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. . . . When the limitation is deemed procedural and personal it is subject to being waived . . . .

*Angersola v. Radiologic Associates of Middletown, P.C.*, 330 Conn. 251, 265 (2018) (cleaned up and emphasis added). *Lostritto*, in contrast, *explicitly* discussed why section 52–102b is substantive. "Although § 52–102b contains some procedural aspects, its substantive purpose and effect cannot be minimized. Section 52–102b gives tangible force to the right to apportionment created in § 52–572h"—a "limitation . . . attached to the right" that did not exist at common law. *Lostritto*, 269 Conn. at 26, 29. I therefore look to *Lostritto*'s specific holdings, not *Angersola*'s general rule, to evaluate whether section 52–102b's time limitation is procedural or substantive under *Hanna v. Plumer*.

    1. *Section 52-102b's Service Provision Is Intertwined with Connecticut's Framework of Substantive Rights*

Federal courts must "look[] not to the *labels* but to the *content* of state rules of decision" to determine whether a state law is substantive or procedural. *Liberty Synergistics*, 718 F.3d at 152 (citing *Gasperini*, 518 U.S. at 428 n.8) (footnote omitted). The *Lostritto* Court's "substantive" label for the 120-day apportionment time limitation is not dispositive. I instead examine whether my failure to enforce the time limitation would result in forum-shopping. *See id.* (quoting *Gasperini* and citing *Hanna v. Plumer*, 380 U.S. at 465-66) ("Whether a particular

state rule of decision is 'substantive' . . . is decided by examining whether application of the state's rule . . . would have so important an effect . . . that failure to enforce it would be likely to cause a plaintiff to choose the federal court.") (cleaned up).  *Lostritto* answers that question in the affirmative.

Initially, Connecticut "did not include a means to invoke" the right to apportionment in Connecticut General Statutes section 52–572h, "nor did it address the effect of the underlying statute of limitations on the apportionment claim." *Lostritto*, 269 Conn. at 24.  The resulting "confusion spawned by the absence of a statutory method for apportioning liability" prompted the legislature to pass section 52–102b "to implement the right to apportionment that previously had been created in § 52–572h." *Id.* at 25.  The "symbiotic relationship between §§ 52–102b and 52–572h leads us to conclude that, because § 52–102b was designed to clarify and make uniform the method of apportioning liability, it is *intertwined inextricably with the broad right to apportionment*." *Id.* at 26 (emphasis added).  The service deadline is "a limitation or condition attached to the right—it is a limitation of the liability itself." *Id.* at 23.

*Lostritto*'s discussion fits squarely within *Shady Grove*'s substantive-procedural distinction.  "A federal rule, . . . cannot govern a particular case in which the rule would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 423 (2010) (Stevens, J., concurring).[2]  *Shady Grove*'s substantive-procedural inquiry "does not necessarily turn on whether the state law at issue takes the *form* of what is traditionally described as substantive or procedural.  Rather, it

---

[2] "The Second Circuit has yet to directly address whether Justice Steven's concurrence is the controlling opinion" in *Shady Grove. Leonard v. Abbott Lab'ys, Inc.*, 2012 WL 764199, at *12 (E.D.N.Y. Mar. 5, 2012) (citation omitted). "However, the Court agrees with the majority of district and circuit courts that have found Justice Stevens['s] concurring opinion was on the 'narrowest grounds', and therefore is the controlling opinion." *Id.* (collecting cases).

turns on whether the state law actually is part of a *State's framework of substantive rights or remedies*." *Id.* at 419 (Stevens, J., concurring) (citing *Hanna*, 380 U.S. at 471) (emphasis added).

Therefore, although the apportionment complaint's 120-day service limitation would be "traditionally described as . . . procedural[,]" *see id.* at 419, it is substantive under federal law. Section 52–102b's time limitation is intimately interwoven with Connecticut's right of apportionment and "bears on the elements of substantive liability." *Shields*, 436 F. Supp. 3d at 544. I cannot apply one section without applying the other. Holding otherwise would "enlarge or modify" Connecticut's "substantive right" of apportionment by potentially giving third-party plaintiffs more time by which to file an apportionment complaint in federal court. *See Hanna*, 380 U.S. at 464 (quoting the Rules Enabling Act, 28 U.S.C. § 2072(b)); *Cf. Corley*, 11 F.4th at 87 ("A rule that regulates . . . service of process, and that has been expressly construed by the relevant state Supreme Court as having *no* effect on the standard for substantive liability, is a procedural rule.") (emphasis added). Joining *Roegiers*, 2023 WL 6200389, I conclude that section 52–102b's 120-day time limitation is substantive and is therefore incorporated by the FTCA.

B. Section 52–102b Does Not Conflict With Federal Rules of Civil Procedure 4 or 14

Federal Rules of Civil Procedure 4 and 14 do not conflict with, nor displace, Connecticut General Statutes section 52–102b(a). "In some instances, the plain meaning of a federal rule will not come into direct collision with the state law, and both can operate." *Shady Grove*, 559 U.S. at 421 (Stevens, J., concurring) (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n.9 (1980)) (cleaned up).

As the government did in *Roegiers*, it argues here that Federal Rules of Civil Procedure 4(m) and 14(a)(1) conflict with Connecticut General Statutes section 52–102b. Doc. No. 25 at 12-14. The *Roegiers* court held that neither Rule conflicts with section 52–102b. *Roegiers*, 2023 WL 6200389 at *7. I agree with *Roegiers*'s central holding for the following reasons.

Under Rule 4(m),

> If a defendant is not served within *90 days after the complaint is filed*, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court *must extend the time for service* for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

Rule 4(m) is not "sufficiently broad" to leave "no room for the operation of seemingly conflicting state law." *Shady Grove*, 559 U.S. at 421 (Stevens, J., concurring) (cleaned up). Rule 4(m) governs how the Court must operate *within* Connecticut's substantive time limitation. In other words, both service deadlines may co-exist. Although no court may extend section 52-102b(a)'s 120-day service deadline, *Lostritto*, 269 Conn. at 35, federal courts may extend Rule 4(m)'s 90-day service deadline up to the 120-day limit set by section 52–102b(a).[3]

The government alternatively argues that section 52–102b conflicts with Rule 14. "[T]he third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). Again, both deadlines may co-exist. Federal courts sitting in Connecticut may extend Rule 14's 14-day

---

[3] In any event, federal courts generally lack the authority to toll state substantive limitation periods. *Cf. Walker*, 446 U.S. at 752 (holding there is no direct conflict between Federal Rule of Civil Procedure 3 and "integral" state service requirements that are "part and parcel of the [state] statute of limitations," because both rules can be applied by a federal court without conflict); *Converse v. Gen. Motors Corp.*, 893 F.2d 513, 515-16 (2d Cir. 1990) (holding that, pursuant to *Walker*, a Connecticut service of process that is "integral" to the statute of limitations period must be applied by a federal court sitting in diversity).

9

deadline in an third-party apportionment case so long as that deadline does not run longer than 120 days.

Finally, expanding Connecticut's right to apportionment beyond 120 days would impermissibly "expand the apportionment right beyond what is permitted by law." *Roegiers*, 2023 WL 6200389 at *7. I therefore apply Connecticut General Statutes section 52–102b's 120-day service deadline.

C. Timeliness of Service and Objection to Personal Jurisdiction

Section 52–102b runs the 120-day service deadline from the "return date specified in the plaintiff's original complaint." Conn. Gen. Stat. § 52–102b(a). "Because federal court complaints do not include a 'return date,' courts applying § 52–102b have used the date the summons was returned to the district court as the closest analog to the 'return date' in Connecticut." *Roegiers v. United States*, 2023 WL 6200389, at *4 (citing *Pa. Mfrs. Indem. Co. v. Cintas Fire Prot. & Fire Sys. of Springfield, CT*, 2012 WL 3779140, at *7 (D. Conn. Aug. 30, 2012)); *see also Abbate v. Northland AEG, LLC*, 788 F. Supp. 2d 50, 54-55 (D. Conn. 2011) (same).

The government served the third-party apportionment complaint on EAN and Davis 233 days after the original complaint's summons was returned to the District Court. Doc. No. 9 (summons returned on April 3, 2023); Doc. No. 19 at 2 (third-party defendants served on November 22, 2023). Service was thus untimely.

EAN and Davis, however, may have forfeited their objection to the Court's personal jurisdiction.[4] Federal Rule of Civil Procedure 12 sets a twenty-one day deadline to file a motion

---

[4] "Where a litigant's action or inaction is deemed to incur the consequence of loss of a right," like an untimely objection to the Court's personal jurisdiction, "the issue is more properly considered one of forfeiture than of

10

to dismiss for lack of personal jurisdiction. That deadline does not "abridge" or "modify" a substantive state right. *See Hanna*, 380 U.S. at 464.

Generally, litigants in Connecticut state court have thirty days from their appearance to challenge a court's personal jurisdiction. *Lostritto*, 269 Conn. at 32; Conn. Prac. Book § 10-30(b). That generally applicable thirty-day deadline differs from Section 52–102b's 120-day deadline. Section 52–102b's deadline is specific, appears in the apportionment statute itself, and is intimately tied to a state substantive right. *Supra* Section III.A. Because Connecticut's thirty-day deadline to challenge personal jurisdiction appears to be procedural, I apply Federal Rule of Civil Procedure 12's twenty-one day deadline. Fed. R. Civ. P. 12(a)(1)(A)(i), (b)(2).

EAN and Davis missed that deadline.[5] EAN and Davis first responded to the third-party complaint fifty-eight days after service. *See* Docs. No. 19, 22. However, the Clerk mistakenly noted on the docket that EAN and Davis's answer deadline was sixty days from service, not twenty-one. *See* Doc. No. 19. Fifty-eight days after service, EAN and Davis moved for an extension of time to respond to the third-party complaint. Doc. No. 22. I granted that motion. Doc. No. 23. EAN and Davis filed the instant motion to dismiss within the Court-granted time extension. *See* Doc. No. 24.

Given those circumstances, I **grant** EAN and Davis's motion to dismiss **without prejudice** to further briefing regarding whether EAN and Davis forfeited their challenge to the Court's personal jurisdiction. The government's brief is due thirty days from the entry of this

---

waiver." *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999); *see Lostritto*, 269 Conn. at 32 (holding that section 52–102b implicates personal jurisdiction, which is waived if not timely challenged).

[5] EAN and Davis do not receive sixty days to respond to the third-party complaint because they are not "a United States agency, or a United States officer or employee sued . . . in an official capacity," nor did they "timely waive[] service." *See* Fed. R. Civ. P. 12(a)(2); *see* Doc. No. 19.

11

Order, with subsequent briefing by EAN and Davis due according to the briefing schedule prescribed by Local Rule 7.

### IV.     Conclusion

For the reasons set forth above, I **grant** the motion to dismiss for lack of personal jurisdiction, **doc. no. 24**, without prejudice to further briefing regarding forfeiture.

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of September 2024.

/s/ STEFAN R. UNDERHILL  
Stefan R. Underhill  
United States District Judge